IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| PLANNED PARENTHOOD ARKANSAS & EASTERN OKLAHOMA, d/b/a PLANNED PARENTHOOD OF THE HEARTLAND and STEPHANIE HO, M.D., on behalf of themselves and their patients,<br><br>Plaintiffs,<br><br>v.<br><br>LARRY JEGLEY, Prosecuting Attorney for Pulaski County, in his official capacity, his agents and successors; MATT DURRETT, Prosecuting Attorney for Washington County, in his official capacity, his agents and successors,<br><br>Defendants. | No. 4:15-cv-00784-KGB |

## **PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY**

By and through their undersigned counsel, Plaintiffs Planned Parenthood Arkansas & Eastern Oklahoma, d/b/a Planned Parenthood of the Heartland ("PPH") and Dr. Stephanie Ho hereby move under Federal Rule of Civil Procedure 26 for leave to take depositions prior to the hearing on Plaintiffs' Motion for a Preliminary Injunction, scheduled for March 2, 2016. Defendants have indicated that they oppose this Motion.

Following the entry of the temporary restraining order in this matter, Defendants served on Plaintiffs their First Set of Interrogatories and Requests for Production, discovery Defendants indicated was necessary to prepare for the upcoming preliminary injunction hearing. Plaintiffs responded to these requests on an expedited basis, which involved reviewing thousands of documents to locate responsive information. Defendants have now identified six witnesses whose testimony they will rely upon at the preliminary injunction hearing, ECF No. 44-1, and Plaintiffs have determined that the depositions of at least three of these witnesses will be

necessary in order for Plaintiffs to adequately prepare for the preliminary injunction hearing. Three of Defendants' witnesses, Lee Wilbur, M.D., Scott Archer, M.D., and Kevin Breniman, M.D., are previously unknown to Plaintiffs and, to Plaintiffs' knowledge, have not testified in any prior litigation.[1]  Therefore, in order to adequately prepare for the preliminary injunction hearing (and to streamline the hearing), it is necessary for Plaintiffs to have the opportunity to explore these witnesses' credentials, opinions, and the bases for their opinions in depositions.[2]

Federal Rule of Civil Procedure 26(d) permits parties to conduct discovery before conferring under Rule 26(f) "when authorized by these rules, by stipulation, or by court order." Moreover, Rule 26(d) gives the Court wide discretion to manage the discovery process. While the Eighth Circuit has not adopted a standard for district courts to use when considering a motion for expedited discovery, "district courts in this circuit have generally utilized [a] 'good cause' standard." *Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453, 455 (D.S.D. 2014) (citing *Meritain Health Inc. v. Express Scripts, Inc.*, No. 4:12-CV-266-CEJ, 2012 WL 1320147, *1 (E.D. Mo. Apr. 17, 2012)). "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to the responding party. In considering the request, the Court looks at the entire record and the reasonableness of the request in light of all surrounding circumstances." *Welsco, Inc. v. Brace*, No. 4:12-cv-00394-KGB, 2012 WL 3025141, at *1 (E.D. Ark. July 24, 2012) (citation and internal quotations omitted).

---

[1] One of Defendants' witnesses, Priya Kakkar, is a fact witness from the Arkansas Department of Health whose affidavit contains Arkansas vital statistics; therefore Plaintiffs do not seek to depose her.  Plaintiffs believe that two of Defendants' witnesses, Tumulesh Solanky, Ph.D and Donna Harrison, M.D., have testified in other cases regarding abortion restrictions, and therefore Plaintiffs may be able to forgo deposing these witnesses; Plaintiffs endeavor to determine as soon as possible whether depositions of these two witnesses are necessary.

[2] During the parties' meet and confer on February 8, 2016, Defendants' counsel indicated that their witnesses' affidavits do not contain the entirety of testimony that those witnesses will provide at the preliminary injunction hearing.  This fact makes depositions of these witnesses even more critical, so that Plaintiffs can have adequate notice of the content of their testimony prior to the hearing.

"When determining the reasonableness of the request, the Court considers five factors: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Id.* (citing *Meritain Health,* 2012 WL 1320147, at *2). "Expedited discovery is generally appropriate in cases, such as this, where a party is attempting to prepare for a preliminary injunction hearing." *Meritain Health,* 2012 WL 1320147, at *2 (citation omitted).

Here, these factors weigh in favor of granting Plaintiffs' Motion. Plaintiffs' Motion for a Preliminary Injunction is pending, and Plaintiffs' request for discovery is narrow and limited to only those depositions necessary for Plaintiffs to adequately prepare for the preliminary injunction hearing. Plaintiffs are endeavoring to keep the number of depositions as small as possible by working to determine whether they can forgo the depositions of witnesses who have testified in prior cases. In addition, the burden on the Defendants to comply with this request is minimal, given the limited nature of the discovery requested. Defendants' witnesses Wilbur, Archer, and Breniman are all located in Little Rock, and their depositions can be taken efficiently over the course of 1-2 days. Defendants will not be prejudiced by this discovery in any way. Plaintiffs requested the depositions the next business day after receiving Defendants' affidavits, and after Defendants have themselves engaged in limited discovery.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion and permit Plaintiffs to take the depositions of Defendants' witnesses prior to the preliminary injunction hearing.

Dated: February 9, 2016

                                    Respectfully submitted,

                                    */s/ Maithreyi Ratakonda*

Maithreyi Ratakonda (*pro hac vice granted*)
Melissa A. Cohen (*pro hac vice pending*)
PLANNED PARENTHOOD
FEDERATION OF AMERICA
123 William St., 9th Floor
New York, NY 10038
(212) 261-4405
mai.ratakonda@ppfa.org
(212) 261-4649
melissa.cohen@ppfa.org

Bettina E. Brownstein (85019)
Bettina E. Brownstein Law Firm
904 West Second Street
Little Rock, Arkansas 72201
(501) 920-1764
bettinabrownstein@gmail.com

Helene T. Krasnoff (*pro hac vice granted*)
PLANNED PARENTHOOD
FEDERATION OF AMERICA
1110 Vermont Ave., NW, Suite 300
Washington, DC 20005
(202) 296-4890
helene.krasnoff@ppfa.org

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 9, 2016, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Lee P. Rudofsky
Solicitor General of Arkansas
Ark. Bar No. 2015015
lee.rudofsky@arkansasag.gov

C. Joseph Cordi, Jr.
Senior Assistant Attorney General
Ark. Bar No. 91225
joe.cordi@arkansasag.gov

Colin R. Jorgensen
Assistant Attorney General
Ark. Bar No. 2004078
colin.jorgensen@arkansasag.gov

Mindy D. Pipkin
Assistant Attorney General
Ark. Bar No. 2004067
mindy.pipkin@arkansasag.gov

*/s/ Maithreyi Ratakonda*
Maithreyi Ratakonda