IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PLANNED PARENTHOOD ARKANSAS &
EASTERN OKLAHOMA, d/b/a PLANNED
PARENTHOOD OF THE HEARTLAND; and
STEPHANIE HO, M.D., on behalf of herself
and her patients                                                                                    PLAINTIFF

VS.                                    Case No.  4:15-cv-00784-KGB

LARRY JEGLEY, Prosecuting Attorney for
Pulaski County, in his official capacity, his
agents and successors; and MATT DURRETT,
Prosecuting Attorney for Washington County,
in his official capacity, his agents and
successors                                                                                              DEFENDANTS

## MOTION FOR EXPEDITED PRE-HEARING DISCOVERY & TO SHORTEN RESPONSE TIME

Following a unanimous decision by the Eighth Circuit Court of Appeals vacating this Court's order preliminarily enjoining Arkansas's requirement that medication abortion providers ensure that patients experiencing complications have access to reliable follow-up care and denials, without dissent, of Plaintiffs Planned Parenthood and Stephanie Ho's petitions for *en banc* review and *certiorari*, Plaintiffs ask this Court to again prohibit Arkansas from enforcing that requirement. Yet Plaintiffs' motion for a temporary restraining order ("TRO") amounts to little more than an improper attempt to sidestep the Eighth Circuit's decision holding that Arkansas is entitled to protect women's health and prohibiting any bar against enforcement until after additional, adversarial fact-finding. Indeed, to even consider entering—let alone to enter—an order restraining Arkansas's enforcement of its duly enacted statute until after Arkansas has had an opportunity to test the conclusory allegations in a handful of newly crafted declarations,

review the data that Plaintiffs and their purported expert claim to rely on, and examine the supposed methodology that Plaintiffs' purported expert claims to have employed would run afoul of the Eighth Circuit's unanimous order. Thus, consistent with the Eighth Circuit's order requiring this Court to conduct additional, adversarial fact-finding before deciding whether to bar the enforcement of Arkansas law, Defendants respectfully request to be permitted to take limited, expedited discovery.

In particular, Defendants request leave to serve: (1) written discovery limited to the five interrogatories and six requests for production attached as Exhibit A; (2) notices of deposition and/or subpoenas to appear for deposition to the three individuals whose declarations were submitted with Plaintiffs' Motion for a TRO: Stephanie Ho, Lori Williams, and Colleen Heflin; and (3) a subpoena to non-party Little Rock Family Planning Services ("LRFP") requesting all documents related to LRFP's efforts to retain a contract physician, as described in Lori Williams' Declaration. Defendants request that the Court order discovery to be expedited such that Plaintiffs' response to the written discovery is due, and all depositions may be completed, at least five days before any TRO hearing. Finally, given the time-sensitive nature of this matter, Defendant requests that the Court order Plaintiffs to respond to this Motion no later than 5:00 pm on Friday, June 1, 2018.[1]

**Argument**

Given the Eighth Circuit's unanimous conclusion that this Court may not consider barring the enforcement of Arkansas's contract-physician requirement until after it has conducted additional, adversarial fact-finding concerning, among other things, whether that requirement would unduly burden a large fraction of relevant patients, Defendants should be

---

[1] To the extent a brief in support of this Motion is required under Local Rule 7.2, Defendant hereby incorporates the reasons given for granting this Motion as its Brief in Support.

permitted to test Plaintiffs' latest representations before this Court considers Plaintiffs' newest TRO motion. *See Planned Parenthood of Arkansas & Eastern Oklahoma v. Jegley*, 864 F.3d 953, 960 (8th Cir. 2017). Indeed, without pre-hearing discovery, Defendants will be prejudiced in their ability to contest those representations, and this Court will be unable to comply with the Eighth Circuit's order.[2]

Rule 26(d) permits parties to conduct discovery before a Rule 26(f) conference "when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). District courts in the Eighth Circuit have wide discretion to manage the discovery process. *See Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) ("A district court has very wide discretion in handling pretrial discovery and this court is most unlikely to fault its judgment[.]") (internal citation omitted). While the Eighth Circuit has not adopted a standard for district courts to use when considering a motion for expedited discovery, "district courts in this circuit have generally utilized [a] 'good cause' standard." *Oglala SiouxTribe v. Van Hunnik*, 298 F.R.D. 453, 455 (D.S.D. 2014) (citing *Meritain Health Inc. v. Express Scripts, Inc.*, 2012 WL 1320147, *1 (E.D. Mo. Apr. 17, 2012)). "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to the responding party. In considering the request, the Court looks at the entire record and the reasonableness of the request in light of all surrounding circumstances." *Welsco, Inc. v. Brace*, 2012 WL 3025141, at *1 (E.D. Ark. July 24, 2012) (citation and internal quotations omitted). Additionally, "[e]xpedited discovery is generally appropriate in cases, such as this, where a party is attempting to prepare for a preliminary injunction hearing." *Meritain Health,* 2012 WL 1320147, at *2 (citation omitted).

---

[2] In addition to the findings discussed below, the Eighth Circuit has also held this Court applied an improper legal standard in issuing its initial preliminary injunction order and failed to consider Arkansas's interest in setting mandatory care standards. *See Jegley*, 864 F.3d at 960 n.9. This Court is also required to address those conclusions.

Applying that standard, pre-hearing discovery is required here to allow this Court to conduct the inquiry mandated by the Eighth Circuit's decision prior to ruling on Plaintiffs' pending request to restrain Arkansas law. Plaintiffs cannot possibly dispute that the requested discovery is necessary in order for the Court to "conduct fact finding concerning the number of women unduly burdened by the contract-physician requirement and determine whether that number constitutes a 'large fraction.'" *Jegley*, 864 F.3d at 960. Indeed, because this information is absent from the record, this Court was previously unable to "estimate[e] the number of women"—if any—who "would forgo the procedure or postpone it" due to the contract-physician requirement. *Id*. The discovery requested by Defendants is essential in order for the Court to make that determination. And, at a minimum, because a TRO—just like a preliminary injunction—requires Plaintiffs to demonstrate a clear likelihood of success on the merits, as a matter of law, this Court cannot enter a TRO without making the additional fact findings mandated by the Eighth Circuit's decision.

Moreover, depositions of Stephanie Ho and Lori Williams are necessary in order to test the factual allegations regarding Planned Parenthood's and LRFP's purported attempts to comply with the contract-physician requirement. Both declarations contain only vague, unverifiable allegations regarding efforts to purportedly secure a contract physician. Ms. Ho's declaration in particular is replete with anecdotes and bereft of details. In order for the Court to conduct the fact-finding directed by the Eighth Circuit, it is necessary to determine whether the contract-physician requirement actually imposes any burdens, or whether Plaintiffs are actually propounding made-for-litigation allegations regarding their purported attempts at compliance. Finally, Ms. Ho's declaration contains numerous statements regarding other women's preferences as to medication abortion which are nothing more than unverifiable hearsay. These

statements must be put to the test in a deposition if this Court is to be able to engage in the fact-finding necessary to follow the Eighth Circuit's directive. Otherwise, this Court cannot make the necessary findings to determine whether the contract-physician requirement constitutes an undue burden on anyone.

Additionally, it is essential that Colleen Heflin's written testimony be subject to adversarial testing, especially in light of Plaintiffs' heavy reliance on her professed calculations. First, her declaration fails to explain why she chose to use the Cunningham study, rather than the Fischer or Quast studies. *See* Heflin Decl. at ¶ 13, n. 4. One obvious explanation is rank cherry-picking—the latter two studies found that increased driving distance had less effect on abortion rates than the Cunningham study did. Second, she fails to explain why she believes those studies, which use data from Texas, are applicable to Arkansas. She notes that Texas and Arkansas share a border and certain demographic characteristics. *See id.* at ¶ 14, n.5. But simply sharing a border does not mean that Texas and Arkansas are similar in relevant respects, particularly due to the enormous geographic differences between the states, the most obvious being Texas' sheer size. Third, Ms. Heflin fails to explain how she arrived at her estimate of 235 women being prevented from having an abortion due to increased travel distance. Although her methodology is far from clear, it appears that she used the total driving distance from the patients' county of residence to Little Rock, instead of the change in driving distance from travelling to Little Rock instead of Fayetteville. In other words, if a hypothetical patient had to travel 99 miles to Fayetteville, but 101 to Little Rock, Ms. Helfin's methodology would appear to assign that patient a 25% chance of forgoing an abortion, despite the fact that the patient would only be driving *2 miles* further. Even more paradoxically, if a patient were 101 miles from Fayetteville and 99 from Little Rock, Ms. Heflin would assign that patient a 15% chance of

forgoing an abortion, despite a decrease in driving distance.  These are just a few of the aspects of Ms. Heflin's written testimony which must be explored in a deposition.  Additionally, Ms. Heflin purports to rely on data that has not been supplied to Defendants and that Defendants cannot verify nor contest at this point.  Thus, at a minimum, this Court must require Plaintiffs to disclose that data and any other communications between Ms. Heflin and Plaintiffs.  Without the ability to review that information and depose Ms. Heflin, Defendants will be severely handicapped in contesting Plaintiffs' motion and this Court will be unable to conduct the adversarial fact finding required by the Eighth Circuit's unanimous decision in determining whether Plaintiffs have demonstrated a likelihood of success on the merits.

While this alone warrants granting Defendants' motion, additional factors also favor granting Defendants' motion.  The burden on Plaintiffs to comply with the requested written discovery is minimal due to its limited nature, as well the fact that Plaintiffs have already provided similar information up to February 2016 in response to Defendants' first set of discovery requests.  As to the requested depositions, Ms. Ho is a Plaintiff in this matter and is located within the state, and Ms. Williams is located in Little Rock.  Thus, their depositions can be efficiently taken over the course of 1-2 days.  Ms. Heflin is located outside of Arkansas, but Defendants are willing to work with Ms. Heflin to schedule her deposition at a mutually convenient time and location within the time prescribed by the Court.  Finally, although there has not yet been a Rule 26(f) conference, this case was filed two-and-a-half years ago, and limited discovery has already taken place.  Therefore, this Court should grant Defendants' motion so that it can expeditiously conduct the additional, adversarial fact-finding required by the Eighth Circuit's unanimous decision in this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion and allow Defendants to serve (1) the limited written discovery attached as Exhibit A; notices and/or subpoenas for the depositions of Stephanie Ho, Lori Williams, and Colleen Heflin; and (3) a subpoena to LRFP for documents related to LRFP's efforts to retain a contract physician.

                               Respectfully Submitted,

                               LESLIE RUTLEDGE
                               Arkansas Attorney General

By:     */s/ Nicholas J. Bronni*
         LEE P. RUDOFSKY (Ark. Bar No. 2015105)
          Solicitor General
         NICHOLAS J. BRONNI (Ark. Bar No. 2016097)
          Deputy Solicitor General
         DYLAN L. JACOBS  (Ark. Bar No. 2016167)
          Assistant Solicitor General
         Arkansas Attorney General's Office
         323 Center Street, Suite 200
         Little Rock, AR 72201
         Phone:     (501) 682-3661
         Fax:        (501) 682-2591
         Email:  Lee.Rudofsky@arkansasag.gov
                  Nicholas.Bronni@arkansasag.gov
                  Dylan.Jacobs@arkansasag.gov

         *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all parties who have entered an appearance.

/s/ *Dylan L. Jacobs*
Dylan L. Jacobs
